IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Orlando Ira Brown, on behalf of International Recovery Services, LLC; | ) ) ) | C/A No. 3:18-1383-MBS |
| Plaintiffs, | ) ) ) | **ORDER AND OPINION** |
| vs. | ) ) | |
| First Citizens Bank, | ) ) | |
| Defendant. | ) ) | |

On May 21, 2018, Plaintiff Orlando Ira Brown, proceeding pro se and "on behalf of" Plaintiff International Recovery Services, LLC, filed a complaint against Defendant First Citizens Bank. Plaintiff alleges that he was denied business transactions and issued a trespass notice. Plaintiff Brown also filed a motion for summary judgment on May 21, 2018, asserting that he was denied services by Defendant because of his mental disability and is entitled to damages as a matter of law.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge reviewed the allegations of the complaint and noted that Plaintiff Brown is not an attorney and that corporate entities may not proceed pro se. On July 9, 2018, the Magistrate Judge issued an order directing Plaintiff International Recovery Services, LLC to obtain counsel within thirty days. No action being taken, the Magistrate Judge issued a Report and Recommendation on August 29, 2018. The Magistrate Judge recommended that any claims the corporate entity may be attempting to raise in the complaint be dismissed without prejudice. In addition, the Magistrate Judge determined that Plaintiff Brown should be dismissed because he appears to be acting as counsel for Plaintiff

International Recovery Services, LLC, but is not an attorney and is without standing to bring any claims on behalf of Plaintiff International Recovery Services, LLC. In addition, the Magistrate Judge determined that Plaintiff's asserted basis for jurisdiction is the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"); however, the complaint alleges no facts relating to an ADA violation. The Magistrate Judge also determined that Plaintiff Brown's claims, to the extent they are brought in his individual capacity, should be dismissed as frivolous. The Magistrate Judge therefore recommended that the complaint be summarily dismissed for lack of prosecution and lack of subject matter jurisdiction. Plaintiffs filed no response to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Ace. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiffs' complaint is summarily dismissed for lack of prosecution and lack of subject matter jurisdiction. Plaintiff Brown's motion

for leave to proceed in forma pauperis (ECF No. 2) is terminated as moot.  Plaintiff Brown's motion for summary judgment (ECF No. 5) is terminated as premature.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 24, 2018